UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:05-MJ-319-T-EAJ

RADIM JUSTIK

_____

## MEMORANDUM OPINION

THIS MATTER is before the court on a request from the Government of the Czech Republic for the extradition of Radim Justik (hereafter, "Defendant") pursuant to the Extradition Treaty between the United States of America and Czechoslovakia signed on July 2, 1925 and the Supplementary Treaty entered into force on August 28, 1935, (hereafter collectively, "the Czech Treaty").[1]

On September 12, 2005, the Government filed a Complaint for Extradition (Dkt. 1) under 18 U.S.C. § 3184 and the Czech Treaty. Thereafter, on September 12, 2005, Defendant was arrested on a warrant for arrest and detained.  A final extradition hearing was held on October 5, 2005.  (Dkt. 34)

No issue is presented as to Defendant's identity.   In his Motion to Dismiss the Complaint for Extradition, Defendant challenges his extradition to the Czech Republic on the grounds that: (1)  the documents and exhibits in support of extradition do

---

[1]Although the former Czechoslovakia is now the Czech Republic, the Czech Treaty is still applicable to the successor state of the Czech Republic.  Kastnerova v. United States, 365 F.3d 980, 986-87 (11th Cir.), cert. denied, 541 U.S. 1090 (2004).

not establish that there are current pending charges in the Czech
Republic; (2) the charges are not extraditable offenses; (3) the
dual criminality requirement has not been met; (4) the absence of
sworn statements supporting the fraud charge violates the Czech
Treaty, and (5) there is no probable cause to believe Defendant
committed the offenses charged. (Dkt. 19)

After the October 5, 2005 hearing, the Government filed a
Notice of Filing of Supplemental Authority (Dkt. 21), Notice of
Filing Tables I and II (Dkt. 22), Notice of Filing Declaration of
Kenneth Propp (Dkt. 23) and Notice of Filing of Document from
Ministry of Justice of the Czech Republic (Dkt. 25).

On November 5, 2005, Defendant filed a Notice of Filing of
Supplemental Authority and a Response to the Government's Notice of
Filing of Supplemental Authority.[2] (Dkts. 28 and 29). On November
6, 2005, Defendant filed a Second Notice of Filing of Supplemental
Authority. (Dkt. 30) A transcript of the hearing was filed on
November 28, 2005. (Dkt. 34) After considering the pertinent
authorities, the arguments and evidence submitted by the parties,
and otherwise being fully advised, Defendant's motion is denied and
this court finds that Defendant is extraditable.

---

[2] This court granted Defendant's motion for an extension of
time requesting until November 9, 2005 to respond to the
Government's pleadings. (Dkt. 27)

**I.   The Government's Complaint**

In accordance with 18 U.S.C. § 1384, the complaint alleges that Defendant has been charged with committing the crimes of fraud and embezzlement, in violation of the Czech Criminal Code.  (Dkt. 1 at ¶ 1)  Pursuant to Article II, Item 18 of the  1925 Extradition Treaty between the United States and Czechoslovakia, as amended by the  1935  Supplemental  Treaty  between  the  two  countries,  the Government asserts that the Czech Treaty provides that the offenses of  fraud  and  embezzlement  shall  serve  as  the  basis  for extradition.[3]   (Id.)   During  the  extradition  hearing,  the Government stated that it was also relying upon Article II, Item 17, of the Treaty as a basis for extradition.  (Dkt. 34 at 20-21) Article II, Item 17 of the Treaty provides the crime of larceny is an extraditable offense.[4]

The complaint further provides that a warrant for Defendant's arrest was issued on May 23, 2003, by the Regional Court in Brno, Czech Republic.  (Dkt. 1 at ¶ 2)

---

[3] Pursuant to the Government's complaint, the Government seeks to extradite the Defendant for fraud, in violation of section 250, paragraphs  1  and  4  of  the  Czech  Criminal  Code,  and  for embezzlement, in violation of section 248, paragraphs 1 and 2 of the Czech Criminal Code.  (Dkt. 1 at ¶ 1) Article II, Item 18, provides that the offense of obtaining money by false pretenses is an extraditable crime.  (Dkt. 23-2 at 9)

[4] The Czech Treaty defines larceny as the theft of effects, personal property or money of twenty-five dollars or more.  (Dkt. 23-2 at 9)

**II.   Evidence Filed in Support of Extradition Request**

The Extradition Documents which support the fraud and embezzlement charges are: (1) Order to Arrest issued on May 23, 2003 by Judge Milan Ihnát ("Judge Ihnát") of the Regional Court in Ostrava in the Czech Republic (Dkt. 17-4) ("Order to Arrest" or "arrest warrant"); (2) a July 22, 2003 Summary Report of the facts of the case signed by Judge Ihnát (Dkt. 17-6); (3) the Declaration of Kenneth Propp, an Attorney Advisor in the Office of Legal Adviser for the United States Department of State, dated October 25, 2004 (Dkt. 23-2); and (4) an email, dated October 19, 2005, from Nicole Petrikovitsova, Criminal Matters Unit, Ministry of Justice of the Czech Republic, regarding the issuance of the Order to Arrest.[5] (Dkt. 25)

A.  Order to Arrest

The Defendant is the subject of an Order to Arrest issued on May 23, 2003, by Judge Ihnát of the Regional Court in Ostrava in the Czech Republic.  (Dkt. 17-4 at 1) As set forth in the Order to Arrest, the Regional Prosecuting Attorney's Office issued an indictment for Defendant on October 16, 1997.[6]  (Id. at 14)  The

---

[5] The court does not rely upon this document in ruling on the Government's request for Defendant's extradition.  Because the email is not properly authenticated or appropriately certified as required by the extradition statute, it is not competent evidence.

[6]  An earlier arrest warrant was issued by a Municipal Court in Brno on July 31, 1996.  (Dkt. 17-4 at 15)  A nationwide search for Defendant was launched in the Czech Republic.  (Id.)  In April

4

Order to Arrest was certified by Richard H. Appleton ("Appleton"), Consul General of the United States of America at Prague, Czech Republic, on June 9, 2004. (<u>Id.</u> at unnumbered 1)  The certification provides that the Order of Arrest was properly and legally authenticated.  (<u>Id.</u>)

According to Count IA of the Order to Arrest, in September 1995, Defendant and his accomplices started the company One Pro in the Czech Republic.  (<u>Id.</u> at 1)  The company One Pro was established to provide property leasing to entrepreneurs via leasing contracts. (<u>Id.</u>) Pursuant to the contracts, One Pro would provide leasing within 30 days of concluding the contract and pay the first monthly installment.  (<u>Id.</u>)

From September 1995 to October 1995, Defendant is charged with using leasing contracts to defraud numerous individuals and companies.  (<u>Id.</u>)  Although Defendant and his accomplices were aware that One Pro lacked the funding to support the terms and conditions of the contracts, Defendant allegedly accepted lease payments from these individuals and companies for his own needs. (Dkt. 17-4 at 2)  Additionally, the Order to Arrest asserts that Defendant left the Czech Republic in October 1995, after causing

―――――――――――――――――

2002, the Czech courts were advised that Defendant was located in Florida.  (<u>Id.</u>)  The May 23, 2003 Order of Arrest replaced the 1996 arrest warrant explaining ". . . because an indictment was submitted from the issue of the order to arrest by the Municipal Court in Brno, the Regional Court in Ostrava decided to issue a new order to arrest . . . since it is obvious that the [Defendant] at liberty evade[s] criminal prosecution . . . ."  (<u>Id.</u>)

47,843,089.80 CZK in losses to these individuals and companies, and that the money was never repaid.  (Id.)

In Count IB of the arrest warrant, Defendant is charged with using leasing contracts in an attempt to defraud numerous individuals and companies.  (Dkt. 17-4 at 3)   Specifically, Defendant is accused of attempting to defraud 30,226,398.00 CZK from at least 29 individuals and companies.  (Id. at 3-4)

Furthermore, Defendant is charged in Count ID of the Order to Arrest as the owner of the Czech company One Pro Trading and Financial.  (Dkt. 17-4 at 7) From September 1994 to September 1995, Defendant allegedly used partnership and loan contracts to persuade other partners and creditors to invest their money in the company and promised to use it solely for business purposes.  (Id.) Defendant allegedly led investors to believe he would only invest their money in pawn brokering activities, and, that within the dates specified in the contracts, their money would be returned to them with an additional 60 to 80 percent in interest.  (Id.) However, Defendant allegedly never repaid the money, causing 9,441,400 CZK in losses to at least 39 people.  (Dkt. 17-4 at 9)

In Count IE, Defendant is accused of using loan and partnership contracts in an attempt to defraud 6,150,000 CZK from at least 123 individuals.[7]  (Dkt. 17-4 at 9-13)

---

[7] The arrest warrant alleges that, from September 1994 to September 1995, Defendant attempted to defraud 123 individuals of at least 50,000 CZK.  (Dkt. 17-4 at 9)

In Count IF, Defendant is charged with placing advertisements relating to his One Pro Trading company in a local newspaper and magazine in 1994 and 1995. (Dkt. 17-4 at 13)  The arrest warrant alleges that Defendant was provided invoices for these advertisements but he failed to pay the invoices. (<u>Id.</u>)  As a result, the newspaper and magazine were injured in the amount of at least 113,253.30 CZK. (<u>Id.</u>)

The Order of Arrest charges that pursuant to Counts IA, IB, ID, IE and IF, Defendant committed the crimes of fraud and attempted fraud in compliance with sections 250(1) and (4) and Section 8(1) of the Criminal Act as amended by Act No. 265/2001 Coll. (Dkt. 17-4 at 14)

In Count II of the Order of Arrest, Defendant is charged with failing to payments in 1995 under two lease contracts for mobile telephones, computer equipment and office furniture. (Dkt. 17-4 at 14)  Defendant allegedly failed to return the leased items.  The Order of Arrest asserts injuries of 447,126.60 CZK to the leasing companies. (<u>Id.</u>)  As to Count II of the Order of Arrest, Defendant is charged with committing the crime of embezzlement in compliance with sections 248(1) and (2) of the Criminal Act as amended by Act No. 265/2001 Coll. (<u>Id.</u> at 14)

B.  <u>Summary Report</u>

The Government relies upon a certified copy of a Summary Report, dated July 22, 2003, to support the extradition request of

Defendant.   (Dkt. 17-6)   Similar to the Order to Arrest, the Summary Report is certified by Appleton that the document has been properly and legally authenticated as required by law.  (Dkt. 17-6, unnumbered page 1)  Appleton's certification provides in relevant part that:

> the annexed papers, being the summary report proposed to be used upon an application for the extradition from the United States of Radim Justik, charged with the crimes of fraud to have been committed in the Czech Republic, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of the Czech Republic, as required by the Act of Congress of August 3, 1882.

(Dkt. 17-4 at unnumbered page 1)

The Summary Report, which was signed by Judge Ihnát, contains summaries of statements  of Defendant's accomplices, witnesses, and victims who sustained monetary losses as a result of Defendant's actions.   The evidence contained in the Summary Report was collected by the prosecution in the Czech Republic.  (Dkt. 17-6 at 1)

C.   <u>October 25, 2004 Declaration of Kenneth Propp</u>

When the Government filed its complaint, counsel for the Government filed a May 10, 2004 Declaration of Propp ("First Propp Declaration").[8]  (Dkt. 17-2)  On October 17, 2005, the Government

---

[8]  The First Propp Declaration included a copy of a December 30, 2003 letter from the Ministry of Justice of the Czech Republic to the United States Department of Justice requesting Defendant's extradition.  (Dkt. 17-2 at 5-6)  The December 30, 2003 letter

filed a second declaration by Kenneth Propp ("Propp"), dated October 25, 2004 ("Second Propp Declaration"). (Dkt. 23) According to the Government, the Second Propp Declaration supersedes the First Propp Declaration and supports the Government's extradition request. (Dkt. 23 at 1)

Propp, an attorney with the United States Department of State, states in the Second Propp Declaration, that the offenses for extradition of Defendant is sought are covered by Article II, Items 15 and 20 of the 1925 Extradition Treaty as amended by the 1935 Supplementary Treaty.[9] (Dkt. 23-2 at 3) Furthermore, Propp declares that the documents submitted by the Czech Republic Embassy in support of Defendant's extradition request were properly certified on June 9, 2004 by Appleton in accordance with Title 18, United States Code, Section 3190. (Id.)

**III. Applicable Law**

    A.  <u>The Extradition Statute</u>

Under 18 U.S.C. § 3184, a Magistrate Judge may conduct a hearing to determine whether sufficient evidence exists to sustain

---

mentioned that the May 23, 2003 arrest warrant for Defendant replaced an earlier warrant, dated July 31, 1996. (Id.) In addition, the letter stated that, on October 16, 1997, a prosecutor in Brno filed an indictment against Defendant with the Regional Court in Brno. (Id.)

[9] A copy of the Czech Treaty is attached to the Second Propp Declaration. (Dkt. 23-2 at 5-19) Article II, Item 15 of the Czech Treaty states that the charge of embezzlement is an extraditable crime. (Dkt. 23-2 at 9) Article II, Item 20 of the Czech Treaty provides that fraud is an extraditable offense. (Dkt. 23-2 at 10)

criminal charges covered by a valid treaty and, if so, the Magistrate Judge then certifies to the Secretary of State that the individual is extraditable.[10]  If the evidence is sufficient to sustain the charged under the provisions of the proper treaty, the Magistrate Judge:

> shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or conventions; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

18 U.S.C. § 3184.

The admission of evidence at the extradition hearing is governed by statute:

> Depositions, warrants, or other papers or copies thereof offered in evidence upon the hearing of any extradition case shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitled them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that the same, so offered, are authenticated in the manner required.

---

[10]  Local Rule 6.01(c)(9) of the Local Rules, United States District Court, Middle District of Florida, confers Magistrate Judges the authority to issue warrants and conduct extradition proceedings pursuant to 18 U.S.C. § 3184.

18 U.S.C. § 3190.

    B.  <u>Provisions of the Czech Treaty</u>

Pursuant to Article II of the Czech Treaty, persons who have been charged or convicted of certain crimes or offenses shall be delivered up according to the provisions of the treaty. (Dkt. 23-2 at 7-10) The Government's complaint alleges that Article II, Item 18 of the Czech Treaty provides a basis for Defendant's extradition. (Dkt. 1 at ¶ 1) Article II, Item 18 defines obtaining money or property by false pretenses as:

> Obtaining money, valuable securities or other property by false pretenses or receiving any money valuable securities or other property knowing the same to have been unlawfully obtained, where the amount of money or the value of the property so obtained or received exceeds one hundred dollars or Czechoslovak equivalent.

(Dkt. 23-2 at 9) The Government also relies upon Article II, Item 17 of the treaty as a basis for Defendant's extradition. (Dkt. 34 at 20-21) Article II, Item 17 provides: "Larceny defined to be the theft of effects, personal property, or money, of the value of twenty-five dollars or more or the Czechoslovak equivalent." (Dkt. 23-2 at 9)

The Second Propp Declaration states that the offenses for Defendant's extradition are covered by Article II, Items 15 (embezzlement) and 20 (fraud). These sections set forth the crimes of embezzlement and fraud as follows:

> Embezzlement by any person or persons, hired,
> salaried or employed, to the detriment of
> their employers or principals, when the crime
> or offense is punishable by imprisonment or
> other corporal punishment by the laws of both
> countries, and where the amount embezzled
> exceeds one hundred dollars or the
> Czechoslovak equivalent.
>
> Fraud or breach of trust by a bailee, banker,
> agent, factor, trustee, executor,
> administrator, guardian, director or officer
> of any company or corporation, or by any one
> in any fiduciary position, where the amount of
> money or the value of the property
> misappropriated exceeds one hundred dollars or
> the Czechoslovak equivalent.

(Dkt. 23-2 at 9-10)

Article XI of the Czech Treaty provides that if a fugitive is charged with a crime, "a duly authenticated copy of the warrant of arrest in the country where the crime was committed, and of the depositions upon which such warrants may have been issued, shall be produced, with such other evidence or proof as may be deemed competent in the case." (Dkt. 23-2 at 13-14)

C.   Requirements For Extradition under the Czech Treaty

"An extradition treaty creates in a foreign government the right to demand and obtain extradition of an accused criminal." In re Extradition of Lehming, 951 F.Supp. 505, 508 (D. Del. 1996) (citations omitted).

The court must determine whether the evidence provided by the Czech Republic in support of its application for extradition is sufficient to sustain the charge under the provisions of the proper

treaty or convention.  <u>Kastnerova</u>, 365 F.3d at 984 n. 5.  To
extradite the Defendant, the requesting authority must prove:

> (1) criminal charges pending in another state;
> (2) the charges must be included in the treaty
> as extraditable offenses; and (3) there must
> be probable cause to believe that a crime was
> committed and that the persons before the
> Court committed it.

<u>United States v. Fernandez-Morris</u>, 99 F. Supp.2d 1358, 1360-61
(S.D. Fla. 1999).  The standard of proof for extradition is
probable cause.  <u>See</u> <u>Yapp v. Reno</u>, 26 F.3d 1562, 1564 (11th Cir.
1994).  Probable cause is established when the evidence presented
supports a reasonable belief that a fugitive committed the charged
offenses.  <u>Afanasjev v. Hurlbert</u>, 418 F.3d 1159, 1165-66 (11th
Cir.), <u>cert</u>. <u>denied</u>, 2005 U.S. LEXIS 8100 (Oct. 31, 2005).
Conclusory statements do not satisfy the probable cause standard
for extradition.  <u>Fernandez-Morris</u>, 99 F. Supp.2d at 1365 (citation
omitted).

Hearsay and other excludable evidence may be admissible at an
extradition hearing.  <u>Afanasjev</u>, 418 F.3d at 1164-65.  Extraditees
may only introduce evidence to explain rather than contradict the
evidence presented by the Government; the court shall exclude
evidence that is proffered to contradict testimony, challenge the
credibility of witnesses, or establish a defense to the crimes
alleged.  <u>Fernandez-Morris</u>, 99 F. Supp.2d at 1361 (citation
omitted); <u>Lehming</u>, 951 F.Supp. at 514 (citations omitted).

In addition, courts have determined that extradition under

13

the Czech Treaty also requires that the doctrine of dual criminality be satisfied, e.g., that the conduct charged is a crime in both the requesting and the requested nations. <u>Gallo-Chamarro v. United States</u>, 233 F.3d 1298, 1306 (11th Cir. 2000), <u>cert</u>. <u>denied</u>, 533 U.S. 953 (2001). Specifically, Article I of the Czech Treaty provides that a fugitive may be extradited if there is "such evidence of criminality, as according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial if the crime or offense had been there committed."  44 Stat. 2367.

"Dual criminality is 'an essential element of the government's burden of proof to establish a basis for extradition.'"  <u>United States v. Peterka</u>, 307 F. Supp.2d 1344, 1349 (M.D. Fla. 2003), <u>citing</u> <u>In re Extradition of Platko</u>, 213 F. Supp. 2d 1229, 1236(S.D. Cal. 2002).  This element is met as long as the act charged constitutes a crime in the United States. <u>Lehming</u>, 951 F.Supp. at 512.[11]

## IV.  Discussion

### A.  Criminal Charges Are Pending Against Defendant in The Czech Republic

In his Motion to Dismiss the extradition complaint, Defendant argues that the Government has failed to establish that there are current charges pending against Defendant in the Czech Republic.

---

[11] The acts may be considered criminal under federal or state law.  <u>United States v. Peterka</u>, 307 F. Supp.2d at 1359 n. 7.

Defendant asserts that the extradition request does not include a copy of the arrest warrant of July 31, 1996, or a copy of the indictment of October 16, 1997 referenced in the First Propp Declaration.  Next, Defendant contends that the information in the May 23, 2003 Order of Arrest conflicts with information attached to the First Propp Declaration.

According to Defendant, because there is some confusion regarding which Czech court issued the arrest warrant, there are no pending charges against Defendant.  Defendant's arguments have no merit.  Indeed, Defendant provides no legal support for his conclusory argument that the Government must produce the 1996 arrest warrant or the 1997 indictment.  (Dkt. 19 at 3-4)

The extradition statute provides that "depositions, warrants, or other papers or copies" may be received and admitted into evidence at an extradition hearing if the documents are properly and legally authenticated by the principal diplomatic or consular officer of the United States resident in such foreign country.  18 U.S.C. § 3190.  Moreover, the certificate of the appropriate diplomatic office is proof of authenticity as required by the statute.  Similarly, Article XI of the Czech Treaty provides that "a duly authenticated copy of the warrant of arrest in the country where the crime was committed" shall be produced in support of a request for extradition.

Here, the Government relies upon the May 23, 2003 Order to

Arrest in seeking Defendant's extradition.  Notably, Defendant does

not challenge the authenticity of the May 23, 2003 Order to Arrest.

The May 23, 2003 Order Arrest was certified by Appleton, Consul

General of the United States of America at Prague, Czech Republic,

on June 24, 2004.  Such certification is conclusive proof that the

documents are properly and legally authenticated and therefore

admissible in extradition proceedings.  <u>See</u> <u>Theron v. United States</u>

<u>Marshal</u>, 832 F.2d 492, 502(9th Cir. 1987), <u>cert.</u> <u>denied</u>. 486 U.S.

1059 (1988).  As such, the May 23, 2003 Order to Arrest is

admissible evidence and supports the Government's position that

there are current charges pending against Defendant in the Czech

Republic.  Therefore, the Government is not required to produce

copies of a prior arrest warrant or indictment which are not the

basis of Defendant's extradition.[12]

---

[12]   Defendant also makes a vague reference to a statute of
limitations defense.  (Dkt. 19 at 4)   Although Defendant argues
that the statute of limitations defense prohibits his extradition,
Defendant offers no factual or legal support for this argument.
(<u>Id.</u>)  Defendant merely suggests that the statute of limitation for
the alleged 1994 and 1995 crimes "is not likely to be more than
five years." (<u>Id.</u>)
     The statute of limitations defense is properly embraced within
the doctrine of speciality.  The doctrine of speciality stands for
the proposition that a party shall not be delivered up by the
government to be tried for any other offense than that charged in
the extradition proceedings.  <u>United States v. Gallo-Chamorro</u>, 48
F.3d 502, 504 (11th Cir. 1995).  Pursuant to the doctrine of
speciality, if a charge against a defendant is time-barred, the
requesting country can not prosecute defendant for that offense and
can not rely upon the charge in seeking defendant's extradition.
<u>Theron</u>, 832 F.2d at 498.  Here, there is no dispute that the
alleged crimes occurred in 1994 and 1995.  Further, in the 2003
arrest warrant, Judge Ihnát stated that an indictment against

Regarding Defendant's second argument, any alleged confusion regarding which court in the Czech Republic issued the arrest warrant for Defendant is not a valid ground to deny extradition. In particular, Defendant notes that the May 23, 2003 Order to Arrest provides that the Regional Court in <u>Ostrava</u> issued an arrest warrant for Defendant, while the First Propp Declaration includes a letter from the Czech Ministry of Justice which states that the Regional Court in <u>Brno</u> issued the arrest warrant.  First, the Government does not rely on the First Propp Declaration. Rather, Defendant's extradition is based on the Second Propp Declaration.  Thus, the documents attached to the First Propp Declaration are not relevant to the court's determination.  Second,  both the May 23, 2003 Order to Arrest and the Summary Report establish that the arrest warrant was issued by the Regional Court in Ostrava. (Dkts. 17-4, 17-6)  Hence, this court concludes that there are current charges pending against Defendant.

> B.   Offenses  Charged  Against  Defendant  Are  Extraditable
> <u>Offenses</u>

Defendant asserts that crimes he is charged with are not extraditable offenses.  Defendant argues that the Second Propp Declaration improperly relies upon Article II, Items 15

---

Defendant was issued on October 16, 1997.  This court has no reason to dispute the pronouncement of Judge Ihnát regarding Defendant's indictment. Accordingly, there is no merit to Defendant's conclusory statement that the statute of limitations precludes his extradition.

(embezzlement) and 20 (fraud), as the basis for Defendant's extradition.  (Dkt. 19 at 4-5)  Defendant was charged with embezzlement and fraud under the Czech criminal code.  According to Defendant, the Czech crimes of embezzlement and fraud do not require that there be a relationship between the accused and the victim (such as an employer, bailee, agent, executor, guardian, etc.).  Because Items 15 and 20 of the Czech Treaty require a special relationship between the accused and the victim, Defendant contends that the extraditable offenses require an element that the Czech code does not.  Defendant's argument is unpersuasive.

At the hearing, the Government countered that the treaty sections set forth in the Propp declaration are not binding upon the Government.  (Dkt. 34 at 18)  Prior to filing the complaint, the Government recognized that Items 15 and 20 of the Czech Treaty cited in the Propp declaration did not provide a basis for extradition.  (Dkt. 34 at 18-19)  Consequently, the complaint references Article II, Item 18, as a basis for extradition. (Dkt. 1 at ¶ 1) In addition, at the extradition hearing, the Government cited Article II, Item 17, as a grounds for extradition.

Defendant further maintains that because the Government has no evidence that he was charged with larceny in the Czech Republic, the Government may not cite Article II, Item 17 as a basis for

extradition.[13]   (Dkt.  29  at  5)  Defendant  emphasizes  that  the documentation  in  support  of  extradition,  including  the  arrest warrant,  the  Second  Propp  Declaration,  and  the  Appleton certification,  fail  to  refer  to  charges  of  larceny  against Defendant.   Accordingly,  this  court  must  decide  if  the  crimes charged against Defendant are extraditable under Article II, Items 17 and 18 of the Czech Treaty.

Pursuant to Article II, Item 18, obtaining money or valuable property by false pretenses or receiving money or valuable property unlawfully  is  an  extraditable  offense.   To  be  an  extraditable offense under Item 18 of Article II, the amount of money or value of  the  property  must  exceed  one  hundred  dollars  or  the  Czech equivalent.   Article II, Item 17 of the treaty states that larceny, which is the theft of personal property or money where the value is twenty-five dollars or more or the equivalent in Czech currency.

The crime of embezzlement is defined under Sections 248 (1) and (2) of the Czech Criminal Code as follows:

> (1) Whoever  appropriates  a  thing  of  another
> that was entrusted to him, thus causing damage

---

[13]  Defendant  submits  that  Government's  failure  to  amend  the complaint  to  add  Article  II,  Item  17  as  a  basis  for  extradition, precludes the Government from relying upon larceny as a ground for extradition.   (Dkt.  29  at  6)    The  undersigned  rejects  this procedural argument.   Defendant had an opportunity to respond to this argument at the hearing.   Additionally, after the extradition hearing, Defendant was afforded an opportunity to file supplemental authority  in  opposition  to  the  Government's  motion.    Tellingly, Defendant did not allege any prejudice or unfair surprise resulting from the Government's reliance on the larceny provision.

> not insignificant to the property of another, shall be sentenced to a term of imprisonment of up to 2 years or be prohibited from undertaking further activities or be fined or be subject to criminal forfeiture.

(Dkt. 17-4 at 15)  The crime of fraud under section 250 (1) and (4) of the Czech Criminal Code provides that:

> (1) Whoever enriches oneself or somebody else to the detriment of another by misleading somebody, abusing somebody's mistake or by obscuring substantial facts, thus causing damage not insignificant to the property of another, will be sentenced to a term of imprisonment of up to 2 year or be prohibited from under taking business activities or be fined or be subject to criminal forfeiture.

(Id.)

In the arrest warrant, Defendant is charged with using leasing contracts to defraud numerous individuals and companies.  According to the statements in the Summary Report, Defendant allegedly accepted payments from individuals and companies for his own use despite the fact that Defendant knew he lacked the funds to repay these individuals and companies.  Defendant is also charged with using partnership and loan contracts to persuade partners and creditors to invest their money in his company.  Although Defendant allegedly promised to use the invested funds solely for business purposes and would return their money with additional interest, Defendant is charged with never repaying moneys owed to these partners and creditors.  The Summary Report alleges that Defendant's actions resulted in losses in excess of one million

dollars.[14]

After a review of the applicable treaty provisions and the criminal charges against Defendant, the court determines that the embezzlement and fraud offenses charged against Defendant are extraditable crimes under Article II, Items 17 and 18 of the Czech Treaty.  See Platko, 213 F. Supp. 2d at 1236 (Article II, Item 18 of the Czech Treaty interpreted broadly to cover the Czech crimes of embezzlement and fraud alleged in arrest warrant).  This conclusion is consistent with the principle that treaties should be construed liberally.  In re Commissioner's Subpoena, 325 F.3d 1287, 1297 (11th Cir. 2003).  Additionally, Counts IB and IE of the Czech warrant of arrest charges the attempted commission of a crime which under Czech law carries the same penalty as the sentence for a completed crime.  (Dkt. 17-4 at 16; Dkt. 34 at 30)

Finally, Defendant asserts that the Czech crimes are not extraditable offenses because the Government improperly relied upon the 2001 amended Czech Criminal Code in the arrest warrant.[15]  (Dkt.

---

[14]  Counts I and II of the complaint allege that, in 1994 and 1995, Defendant caused losses, or attempted losses, in Czech currency of 94,220,967.70 CSK.  (Dkt. 1)  Using the average conversion exchange rate for 1994 and 1995, the losses, or attempted losses, in United States dollars is $3,619,027.46, according to the Government.  (Dkt. 22)(citing www.oanda.com/conert/fxhistory)  Defendant has not challenged the conversion rate offered by the Government.

[15]  The arrest warrant indicates that Defendant is charged with committing the crimes of embezzlement and fraud "as amended by Act No. 265/2001 Coll."  (Dkt. 17-4 at 36)

29 at 2-3)  Defendant contends that the Government may not rely on 2001 amendments to the Czech Criminal Code as a basis for extradition because Defendant allegedly committed the crimes in 1994 and 1995.  The court rejects this argument.  Whether analyzed under the 2001 amended version of the Czech Criminal Code, or the prior version of the Czech Criminal Code, the Czech embezzlement and fraud crimes are extraditable offenses under Article II, Items 17 and 18 of the Czech Treaty.[16]

C. <u>Probable Cause Supports the Extradition Request</u>

In challenging his extradition, Defendant argues that the Government has failed to establish probable cause to believe that he committed the crimes charged.  Specifically, Defendant asserts that the supporting documentation submitted for extradition purposes were not made under oath or subject to a warning about making false statements.  Additionally, Defendant contends that the Government should have submitted the underlying contracts,

---

[16]  In 1998, the Czech Criminal Code, Article 248, defined embezzlement as "He who misappropriates a thing given into his care that belongs to another person and thus causes damage which is not insignificant will be punished by imprisonment for a period of up to two years or by a prohibition of activity or by a financial punishment or by the forfeiture of the thing."  <u>Platko</u>, at 1236; <u>see</u> <u>also</u> <u>Kasternova</u>, 365 F.3 at 982 n. 2(English translation of Czech crime of fraud in effect in 2000).  In 1998, the Czech Criminal Code, Article 250, set forth the crime of fraud as: "He who gains for himself or another person to the detriment of the property of others by misleading someone or taking advantage of someone's mistake and thus causes damages which is not insignificant to the property of others will be punished by imprisonment of up to two years or a prohibition of activity or the forfeiture of the thing."  <u>Id.</u> at 1237.

invoices, and other documents referenced in the arrest warrant and Summary Report.  Defendant's arguments have no merit.

The admissibility of documents offered at an extradition hearing is governed by 18 U.S.C. § 3190.  Pursuant to this statute, depositions, warrants or other papers shall be admitted into evidence if documents are: (1) properly and legally authenticated so as to entitle them to be received for similar purposes by tribunals of the foreign country from which the accused party shall have escaped, and (2) the certificate of the appropriate diplomatic officer of the United States is properly authenticated.  18 U.S.C. § 3190.  In this case, the arrest warrant and the Summary Report were properly certified by Richard H. Appleton, Consul General of the United States of America at Prague, Czech Republic.  The arrest warrant and the Summary Report, therefore, are admissible and this court is free to consider these documents in determining whether to certify Defendant's extradition.[17]  See Escobedo v. United States, 623 F. 2d 1098, 1103 (5th Cir.), cert. denied, 499 U.S. 1036 (1980)(Mexican extradition documents were admissible because they were properly certified).[18]

_____

[17] In affirming the admissibility of documents in a recent extradition hearing, the Eleventh Circuit noted that the unsworn indictment was signed and approved by foreign officials. Afanasjev, 418 F.3d at 1164 n. 10.  Here, the arrest warrant and Summary Report were signed by a judge of the Czech Republic.

[18] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down

In submitting the arrest warrant and the Summary Report, the Government presented evidence that Defendant participated in an sophisticated embezzlement and fraud scheme. The Summary Report lists the specific dates, names of witnesses and victims, and the details regarding the amount of money involved with each transaction.[19] According to numerous witness summary statements in the Summary Report, Defendant utilized leasing contracts to defraud, or attempt to defraud, individuals and companies of significant amounts of money. Although Defendant knew that he could not repay the money under the terms of the lease contracts, Defendant accepted lease payments and used those funds for his own needs. The Summary Report also contains witness summary statements which support the Government's claims that Defendant used partnership and loan agreements to persuade, or attempt to persuade, partners and creditors to invest their money in Defendant's company. According to these witnesses and victims, Defendant promised partners and creditors that he would invest their money in pawn brokering activities and repay them with interest. Despite Defendant's promises, the victims allege that

---

prior to the close of business on September 20, 1981.

[19]     In Counts I and II of the arrest warrant, Defendant allegedly defrauded, or attempted to defraud, 214 individuals or companies. (Dkt. 17-4)  A review of the Summary Report shows that there are 207 summary statements from individuals or companies in support of the charges in the arrest warrant. (Dkt. 17-6; Dkt. 22 at 2-11)

Defendant never repaid the money.

One of Defendant's accomplices, Vit Stoklasa ("Stoklasa"), described a conversation he had with Defendant in the fall of 1995. According to the summary of Stoklasa's statement, Defendant "told him [Stoklasa] that he and Burda had accepted money from clients so that they could keep and transfer it abroad." (Dkt. 17-6 at 2.) Defendant told Stoklasa that he had managed to transfer approximately $150,000 to $200,000 of the clients' money abroad. (Id.)

The totality of the evidence submitted is competent to establish not only that Defendant committed the acts charged, but that he also acted with the requisite criminal intent.   The evidence shows far more than merely a failed business venture; rather it shows a deliberate effort to obtain funds without any intention of providing the promised property.  Compare, Peterka, 307 F. Supp. 2d at 1350-51 (the Czech crime of fraud does not criminalize the mere retention of property).   Accordingly, this court finds that the Government has established probable cause to believe that Defendant committed the crimes of embezzlement and fraud.[20]

Additionally, it is important to stress that the evidence

_____

[20]   Defendant objects that the contracts, invoices and other documents referenced in the arrest warrant and Summary Report were not attached to the request for extradition.   The court rejects Defendant's argument because such evidence is not necessary to find probable cause in this case.

needed to extradite differs from that needed to convict a defendant at a criminal trial.  In <u>Kastnernova</u>, 365 F.3d at 987, the court explained that extradition hearings are in the nature of a preliminary hearing.  The Government does not have to show actual guilt, only probable cause that the fugitive is guilty.  <u>Id.</u>  In <u>Afanasjev</u>, the Eleventh Circuit held that the Federal Rules of Evidence and the Federal Rules of Criminal Procedure do not apply to extradition proceedings and that hearsay is permitted in extradition hearings.  <u>Afanasjev,</u> 418 F.3d at 1165.  Unsworn statements of absent witnesses may be considered by the court in determining probable cause during an extradition hearing.  <u>Id.</u> <u>citing</u> <u>Collins v. Loisel</u>, 259 U.S. 309, 317 (1922).  Thus, the fact that arrest warrant and Summary Report were not sworn under oath or were not or subject to a warning about false statements does not undermine the court's finding of probable cause to believe that Defendant committed the crimes charged.

D.   <u>The Requirement of Dual Criminality is Met</u>

The court must determine whether the doctrine of dual criminality has been satisfied.  To meet the dual criminality requirement, the charged offenses must be illegal in both the Czech Republic and the United States.

Applying the dual criminality principles, the court finds that the Czech Criminal Code and Florida Criminal Code encompass the conduct alleged in the arrest warrant.  Embezzlement under the

Czech Criminal Code is the appropriation of "a thing of another that was entrusted to him, thus causing damage not insignificant to the property of another." (Dkt. 17-4 at 15)  Fraud is defined in the Czech Criminal Code as enriching "oneself or somebody else to the detriment of another by misleading somebody, abusing somebody's mistake or by obscuring substantial facts, thus causing not insignificant to the property of another." (Id.)

A Florida equivalent to the Czech statutes may be found in theft statute which provides, in pertinent part:

> 1)   A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>
> (a) Deprive the other person of a right to the property or a benefit from the property.
>
> (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014 (1)(a),(b).  The phrase "obtain or use" in the Florida theft statute is defined as:

> (a) Taking or exercising control over property.
>
> (b) Making any unauthorized use, disposition, or transfer of property.
>
> ( c)  Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
>
> (d)(1) Conduct previously known as stealing; larceny; purloining;  abstracting; embezzlement;  misapplication;

> misappropriation; conversion; or obtaining
> money or property by false pretenses, fraud,
> or deception; or (2) Other conduct similar in
> nature.

Fla. Stat. § 812.012(3)(a)-(d).  An offender commits grand theft in the first degree, which is punishable as a felony, if the offender causes damage to real or personal property of another in excess of $1,000.00.  Fla. Stat. § 812.104 (3)(b).

The arrest warrant alleges that Defendant used contracts to deprive individuals and companies of money.  Furthermore, Defendant allegedly knew he lacked the funds to repay these individuals and companies and never repaid back the money.  Based upon the court's interpretation of the plain meaning of the statutory language, the court concludes that Defendant's conduct falls within the parameters of the Czech crimes of embezzlement and fraud.[21]

Under Florida law, Defendant "knowingly" obtained or used, or endeavored to obtain or to use, the money of another with the intent to deprive these individuals and companies of their money.

---

[21] Moreover, a prosecutor and judge of the Czech Republic have preliminarily concluded that Defendant's conduct constitutes the crimes of embezzlement and fraud under Czech law.  A foreign government's determination that a defendant's conduct constitutes a crime under its laws carries significant weight.  See e.g., In re Pineda Lara, No. 97 Cr. Misc. 1, page 3 (THK), 1998 U.S. Dist. Lexis 1777 * 20-23 (S.D.N.Y. Feb. 18, 1998)(in an extradition hearing, a Magistrate Judge in the United States should defer to the determination of a prosecutor and judge that defendant's conduct constituted crime under Czech law); Matter of Extradition of Matus, 784 F. Supp. 1052, 1054 (S.D.N.Y. 1992)(documents supplied by Chilean government were prima facie proof that the allegations against defendant constituted crimes in Chile).

Counts IA, IB, ID, IE, IF and Count II of the arrest warrant allege losses to victims in excess of $1,000.  (Dkt. 22 at 1)   Under Florida law, the charges against Defendant constitute grand theft in the first degree.   Thus, because the charged offenses are illegal in the Czech Republic and the United States, the court finds no bar to Defendant's extradition based on the dual criminality doctrine.[22]

## Conclusion

For the reasons stated above, I find that the Czech Republic has satisfied its burden to extradite Defendant.   Accordingly, Defendant's Motion to Dismiss the Complaint for Extradition is **DENIED**.

Pursuant to 18 U.S.C. § 3184, the undersigned will issue a Certificate of Extraditability and Order of Commitment as to Defendant.

**DONE AND ORDERED** in Tampa, Florida, on this 29th day of November, 2005.

---

[22] As discussed _supra_, the crimes of embezzlement and fraud were not significantly changed by 2001 amendments to the Czech Criminal Code.  Moreover, the fact that the Czech crime of fraud has certain elements not found in the Florida theft statute is not critical to the court's analysis.  The court need not find identical criminal statutes defining an offense, only conduct that would be a crime in both jurisdictions.  Collins, 259 U.S. at 312.

ELIZABETH A JENKINS
United States Magistrate Judge