**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                    Case No. 8:05-MJ-319-T-EAJ

**RADIM JUSTIK**

### CERTIFICATE OF EXTRADITABILITY AND ORDER OF COMMITMENT

**THIS CAUSE** comes on for consideration upon a formal Request for Extradition Order filed by the United States on behalf of the Government of the Czech Republic for the extradition of **RADIM JUSTIK** ("Defendant") pursuant to the Extradition Treaty between the United States of America and Czechoslovakia signed on July 2, 1925 and the Supplementary Treaty entered into force on August 28, 1935, (hereafter collectively, "the Czech Treaty").

On September 12, 2005, the Government filed a Complaint for Extradition (Dkt. 1) under 18 U.S.C. § 3184 and the Czech Treaty. Thereafter, on September 12, 2005, Defendant was arrested on a warrant for arrest and detained. A final extradition hearing was held on October 5, 2005. Therefore, having reviewed the formal extradition documents, the extradition treaty, and other papers submitted by the Government, the undersigned magistrate judge certifies that there is sufficient evidence to sustain extradition under the provisions of the Czech Treaty.

1. The relevant and applicable treaty provisions in full force and effect between the United States and the Czech Republic

are found in the Extradition Treaty between the United States of America and Czechoslovakia signed on July 2, 1925 and the Supplementary Treaty entered into force on August 28, 1935.[1]

2. There are charges pending against **RADIM JUSTIK** in the Czech Republic where he stands accused of the crimes of fraud and embezzlement. Defendant stands accused of using various contracts to defraud, or attempting to defraud, numerous individuals and companies knowing that he had no intention of repaying the victims, thereby causing a loss amounting to approximately $3,619,027.46 in United States dollars.

3. The foregoing crimes, alleged to have been committed in the Czech Republic, are covered by the Czech Treaty.

4. **RADIM JUSTIK** sought by the Czech authorities, and **RADIM JUSTIK** arrested in this district for extradition and brought before this court, are in each case the same individual.

5. The evidence before this court is sufficient to justify **RADIM JUSTIK**'s commitment for trial had the offense with which he is accused been committed in the United States.

6. In his Motion to Dismiss the Complaint for Extradition, and at the extradition hearing, **RADIM JUSTIK** challenged his extradition to the Czech Republic on the grounds that: (1) the

---

[1] Although the former Czechoslovakia is now the Czech Republic, the Czech Treaty is still applicable to the successor state of the Czech Republic. Kastnerova v. United States, 365 F.3d 980, 986-87 (11th Cir.), cert. denied, 541 U.S. 1090 (2004).

documents and exhibits in support of extradition do not establish that there are current pending charges in the Czech Republic; (2) the charges are not extraditable offenses; (3) the dual criminality requirement has not been met; (4) the absence of sworn statements supporting the fraud charge violates the Czech Treaty, and (5) there is no probable cause to believe Defendant committed the offenses charged.  As indicated in the Memorandum Opinion, the undersigned rejects these arguments and finds that: there are current charges pending against Defendant in the Czech Republic; the charges pending against Defendant are extraditable under the Czech Treaty; probable cause  support the extradition request; and, the dual criminality requirement is met.

   7. There is no evidence before me on which an exception from extradition can be based.

   **THEREFORE**, I certify that I have found **RADIM JUSTIK** extraditable to the Czech Republic.  By prior warrant, I have committed **RADIM JUSTIK** to the custody of the United States Marshall for the Middle District of Florida pending the issuance of an Extradition Warrant by the United States Secretary of State for the purpose of transporting the said **RADIM JUSTIK** from the Middle District of Florida to the Czech Republic to be held for trial or other disposition.

   **ORDERED, ADJUDGED and DECREED** that the transfer of physical custody of the said **RADIM JUSTIK** shall be at such time and place as

mutually agreed upon by the United States Marshall for the Middle District of Florida and a duly authorized representative of the Czech Republic.

The Clerk of the Court is directed to forward a certified copy of this Order to the United States Secretary of State in Washington, D.C., together with the formal extradition documents received in evidence. The Clerk shall also send a certified copy of this Order to the Attorney General of the Untied States in Washington, D.C.

**DONE and ORDERED** at Tampa, Florida, this 29th day of November, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

4